[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2010
JOHN LEY
CLERK

_____

No. 09-15608
Non-Argument Calendar

_____

D. C. Docket No. 08-00219-CR-F-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUKE LEWIS MELTON, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 9, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Luke Lewis Melton, III appeals his conviction for possession of a firearm by a convicted felon, possession of marijuana, and possession of crack cocaine, and the sentences imposed following his convictions. On appeal, Melton argues that the district court erred in failing to suppress the drug evidence found during the search of his car. Melton further argues that the district court's ruling that the search was a permissible inventory search was clear error and contrary to the evidence introduced at the suppression hearing. Although the district court denied Melton's motion to suppress on the basis of the inventory search exception, we affirm on other grounds.

We review the district court's factual findings for clear error and its application to the facts *de novo* because rulings on motions to suppress evidence involve mixed questions of fact and law. *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000) (citation omitted). Additionally, the breadth of the good-faith exception to the exclusionary rule is a question of law and is reviewed *de novo*. *United States v. Davis*, 598 F.3d 1259, 1262 (11th Cir. 2010). Further, we may affirm the denial of a motion to suppress on any ground supported by the record. *United States v. Caraballo*, 595 F.3d 1214, 1222 (11th Cir. 2010).

In *New York v. Belton*, the Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a

contemporaneous incident of that arrest, search the passenger compartment of that automobile." 453 U.S. 454, 460, 101 S. Ct. 2860, 2864 (1981). Until recently, we applied an expansive view of *Belton* and read that case to mean that police could search a vehicle incident to an arrest regardless of whether the arrestee had control over the passenger compartment at the time of the search. *Davis*, 598 F.3d at 1262 (citing *United States v. Gonzalez*, 71 F.3d 819, 825 (11th Cir. 1996)). However, in *Arizona v. Gant*, the Supreme Court rejected our view of *Belton*, permitting such a search only where the arrestee can reach the passenger compartment at the time of the search, or where the officer has a reasonable belief that the vehicle contains evidence of the crime of arrest. 129 S. Ct. 1710, 1723 (2009). Furthermore, the Court has held that "a decision . . . construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered." *Griffith v. Ky.*, 479 U.S. 314, 324, 107 S. Ct. 708, 713 (1987).

In *Davis* we applied the announced rule in *Gant* and held that a search incident to arrest conducted for neither evidentiary nor officer-safety concerns violated the Fourth Amendment.[1] *Davis*, 598 F.3d at 1263. However, we also held "that the exclusionary rule does not apply when the police conduct a search in

---

[1] *Davis* was pending on appeal when *Gant* was decided by the Supreme Court. *Davis*, 598 F.3d at 1263.

3

objectively reasonable reliance on our well-settled precedent, even if that precedent is subsequently overturned." *Id*. at 1264.

Here, the district court did not err in denying Melton's motion to suppress the drug evidence. First, the search limitations announced in *Gant* apply because Melton's case was pending on appeal when *Gant* was decided by the Supreme Court. *See Griffith*, 479 U.S. at 324, 107 S. Ct. at 713. However, it is unnecessary that we discuss the constitutionality of the search because the government has conceded that the search of Melton's vehicle violated the search incident to arrest exception established in *Gant*.[2] Brief of Appellee at 15 n.8. Accordingly, the search of Melton's vehicle incident to arrest violates the Fourth Amendment.

Next, applying our recent holding in *Davis*,[3] the drug evidence discovered in the search of Melton's glove compartment incident to his arrest should not be suppressed. *See Davis*, 598 F.3d at 1268. While Melton argues that the exclusionary rule should apply in this case, we recognize that the exclusionary rule is inappropriate "when the offending officer reasonably relied on well-settled precedent." *Id*. at 1266. In this case, the offending officer conducted a search of

---

[2] "The United States concedes that [the officer's] search of Melton's vehicle does not fit within either of the two narrow situations to satisfy the search-incident-to-arrest exception to the warrant requirement established in *Gant*, thus, under *Gant*, the search of Melton's vehicle was not a proper search incident to arrest." Brief of Appellee at 15 n.8.

[3] At the time of briefing, the parties did not have the benefit of our recent *Davis* decision that controls the disposition of this appeal.

4

the glove compartment of Melton's vehicle incident to his arrest on a weapons charge. Under our then-binding precedent, this search was objectively reasonable and would have been permitted in this Circuit pre-*Gant*. *See Gonzalez*, 71 F.3d at 825. Therefore, the good-faith exception to the exclusionary rule applies, and the drug evidence discovered in Melton's vehicle in the search incident to his arrest should not be suppressed.

Though the district court's decision not to suppress the evidence was based on the inventory exception, we nonetheless affirm that ruling based on the good-faith exception as the applicability of this exception is fully supported by the record.[4] *See Caraballo*, 595 F.3d at 1222.

**AFFIRMED.**[5]

---

[4]In evaluating the district court's ruling, "we are not strictly bound by the legal analysis relied upon below, and may affirm as long as the district court's decision is correct as a matter of law." *Gonzalez*, 71 F.3d at 825 n.15.

[5]Appellant's request for oral argument is DENIED.